People v Martinez-Perez (2025 NY Slip Op 51648(U))

[*1]

People v Martinez-Perez (Arismedi)

2025 NY Slip Op 51648(U)

Decided on October 22, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 22, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., Perez, Alpert, JJ.

570032/22

The People of the State of New York, Respondent,
against
Arismedi Martinez-Perez, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Audrey Stone, J.), rendered January 13, 2022, convicting him, upon his plea of guilty, of harassment in the second degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Audrey Stone, J.), rendered January 13, 2022, held in abeyance, and the matter remanded to Criminal Court for further proceedings in accordance herewith.
Defendant contends that Criminal Court erred in denying his motion to invalidate the People's certificates of compliance [COCs] and to dismiss on statutory speedy trial grounds. Defendant contended that the COCs were illusory because the People failed to disclose certain automatically discoverable documents, including, among other things, various officers' memo books and body-worn camera footage. Criminal Court orally denied the motion, relying on the prosecutor's vague assertions that prior to filing the COC in January 2021, the prosecution made "at least six attempts" to obtain officers' "body-worn camera footage and the memo book," as well as "other police records that ha[d] not been provided," and that they subsequently tried "at least nine times afterwards" to obtain those materials. Criminal Court concluded that the People had exercised "due diligence" to obtain those records and comply with their discovery obligations.
"[T]he key question in determining if a proper COC has been filed is whether the prosecution has 'exercis[ed] due diligence and ma[de] reasonable inquiries to ascertain the existence of material and information subject to discovery'" (People v Bay, 41 NY3d 200, 211 [2023], quoting CPL 245.50 [1]). "[W]hile good faith is required, it is not sufficient standing alone and cannot cure a lack of diligence" (People v Bay, 41 NY3d at 212).
Here, the court, which did not have the benefit of any written opposition by the People, did not have a properly developed record to properly consider whether the People exercised due diligence within the meaning of CPL 245.50, that is, whether they made "'reasonable efforts' to comply with [the] statutory directives," and "'ma[de] reasonable inquiries to ascertain the existence of material and information subject to discovery'" (People v Bay, 41 NY3d at 211).
In these circumstances, we hold the appeal in abeyance and remit the matter to determine whether the People's COCs were proper pursuant to CPL 245.50, upon further submissions, if warranted.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 22, 2025